**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| JOSHUA DELGADO, | § § § § § § § § § § | |
| Plaintiff | | |
| v. | | Case No. 6:26-cv-00234-ADA-DTG |
| PAYCOM PAYROLL LLC, | | |
| Defendant. | | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Paycom Payroll LLC ("Paycom" or "Defendant"), by and through its attorneys, hereby submits its answer to Plaintiff Joshua Delgado's Complaint, and asserts its affirmative and other defenses as follows:

## I. PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

Plaintiff brings this action under 15 U.S.C. § 1681 *et seq*., the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**ANSWER:**

Paycom admits that Plaintiff purports to bring this action under the FCRA and purports to seek the relief identified in Paragraph 1 of the Complaint. Paycom denies all remaining allegations in Paragraph 1 of the Complaint, and specifically denies that it violated the FCRA or any other law and denies that Plaintiff is entitled to any relief whatsoever.

## II. JURISDICTION AND VENUE

**COMPLAINT ¶2:**

This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

325554642v.2

-2-

**ANSWER:**

Paycom admits that jurisdiction is proper in this Court. Paycom denies all remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Venue in this district is proper under 28 U.S.C. § 1391(b) (1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3) because the Plaintiff resides in this district and a substantial part of the events or omissions giving rise to the claim occurred within this district. Paycom also regularly conducts business in this district.

**ANSWER:**

Paycom admits that venue is proper in this District. Paycom denies all remaining allegations in Paragraph 3 of the Complaint.

### III.  PARTIES AND SERVICE

**COMPLAINT ¶4:**

Plaintiff is a resident of Bell County, Texas.

**ANSWER:**

Paycom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

At all times material hereto, Plaintiff is a "consumer," as defined under the FCRA 15 U.S.C. § 1681a(c).

**ANSWER:**

Paycom admits that Plaintiff is a "consumer," as that term is defined in the FCRA. Paycom denies any remaining allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Paycom Payroll, LLC is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Defendant may be served with process upon Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

**ANSWER:**

Paycom admits that it provides certain services as a "consumer reporting agency," as that phrase is defined in the FCRA, and as limited to those services only. Paycom admits that it was served with process in this case. Paycom denies the remaining allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

At all times material hereto, Paycom regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. §1681a(f).

**ANSWER:**

Paycom admits that it provides certain services as a "consumer reporting agency," as that phrase is defined in the FCRA, and as limited to those services only, which may include the preparation of consumer reports to third parties. Paycom denies the remaining allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Among other things, Paycom sells consumer background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

**ANSWER:**

Paycom admits that it provides certain services as a "consumer reporting agency," as that phrase is defined in the FCRA, and as limited to those services only, which may include preparing employment-purposed consumer reports at the request of a prospective employer. Paycom denies the remaining allegations in Paragraph 8 of the Complaint.

325554642v.2

## IV. FACTUAL ALLEGATIONS

**COMPLAINT ¶9:**

Plaintiff was charged in Bell County, Texas under Cause No. FR81487.

**ANSWER:**

Paycom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Plaintiff entered a plea agreement resulting in deferred adjudication community supervision.

**ANSWER:**

Paycom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Under Texas law, deferred adjudication means no finding of guilt is entered, and adjudication is withheld.

**ANSWER:**

The allegations in Paragraph 11 of the Complaint consist entirely of legal conclusions and therefore no answer is required to the allegations in Paragraph 11 of the Complaint. To the extent an answer is required, Paycom denies any allegations in Paragraph 11 of the Complaint that are inconsistent with the referenced statute. Paycom denies any remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Plaintiff successfully completed the terms of supervision.

325554642v.2

**ANSWER:**

Paycom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

On February 18, 2026, the court entered an order dismissing the case and discharging Plaintiff from community supervision.

**ANSWER:**

Paycom states that the referenced court order is the best evidence of its contents and denies any allegations in Paragraph 13 of the Complaint that are inconsistent with the referenced court order. Paycom denies any remaining allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

The court explicitly terminated the case without adjudicating guilt.

**ANSWER:**

Paycom states that the referenced court order is the best evidence of its contents and denies any allegations in Paragraph 14 of the Complaint that are inconsistent with the referenced court order. Paycom denies any remaining allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Accordingly, Plaintiff was never convicted of the alleged offense.

**ANSWER:**

The allegations in Paragraph 15 of the Complaint consist entirely of legal conclusions and therefore no answer is required to the allegations in Paragraph 15 of the Complaint. To the extent an answer is required,  Paycom states that the referenced record is the best evidence of its contents and denies any allegations in Paragraph 15 of the Complaint that are inconsistent with the referenced record. Paycom denies any remaining allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Paycom prepared a background report for Plaintiff in connection with employment.

**ANSWER:**

Paycom admits that, at the request of Mobily, LLC, and pursuant to a permissible purpose under the FCRA, it prepared an employment-purposed consumer report regarding Plaintiff. Paycom denies any remaining allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

That report states:

a.      Charge: Sexual Assault (Felony);

b.      Disposition: "GUILTY"; and

c.      Sentence: "2 years' probation"

**ANSWER:**

Paycom states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 17 of the Complaint that are inconsistent with the contents of the referenced report. Paycom denies any remaining allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

This is completely incorrect.

**ANSWER:**

Paycom states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 18 of the Complaint that are inconsistent with the contents of the referenced report. Paycom denies any remaining allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

The record instead reflects deferred adjudication (no finding of guilt), completion of probation, and final dismissal.

325554642v.2

-7-

**ANSWER:**

Paycom states that the referenced record is the best evidence of its contents and denies any allegations in Paragraph 19 of the Complaint that are inconsistent with the contents of the referenced record. Paycom denies any remaining allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Paycom's report therefore misstates the legal disposition and transforms a non-conviction into a conviction.

**ANSWER:**

Paycom states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 20 of the Complaint that are inconsistent with the contents of the referenced report. Paycom denies any remaining allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

This is not a minor technical error. It is the difference between employability and automatic disqualification.

**ANSWER:**

Paycom denies the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Plaintiff applied for employment.

**ANSWER:**

On information and belief, Paycom admits the allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

The employer relied on Paycom's report.

**ANSWER:**

Paycom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

325554642v.2

**COMPLAINT ¶24:**

Plaintiff was denied employment, with the employer stating that Plaintiff is a "convicted felon" and company policy prohibits hiring individuals with felony convictions.

**ANSWER:**

Paycom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

The employer's conclusion was based directly on Paycom's false reporting.

**ANSWER:**

Paycom denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Because of Paycom's inaccurate reporting, Plaintiff suffered lost employment opportunity, reputational harm, emotional distress, and embarrassment and humiliation.

**ANSWER:**

Paycom denies the allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Paycom failed to follow reasonable procedures to assure maximum possible accuracy, including failing to distinguish deferred adjudication vs. conviction, failing to obtain or review final disposition records, misinterpreting Texas criminal law, and reporting a person "guilty" where adjudication was expressly withheld.

**ANSWER:**

Paycom denies the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

The correct disposition was easily verifiable from court records.

325554642v.2

**ANSWER:**

Paycom states that the referenced records are the best evidence of their contents and denies any allegations in Paragraph 28 of the Complaint that are inconsistent with the referenced records. Paycom denies the remaining allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Paycom instead chose to publish the most damaging possible interpretation.

**ANSWER:**

Paycom denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Paycom reported public record information for employment purposes.

**ANSWER:**

Paycom admits that, at the request of Mobily, LLC, and pursuant to a permissible purpose under the FCRA, it prepared an employment-purposed consumer report regarding Plaintiff. Paycom denies any remaining allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Under 15 U.S.C. § 1681k, Paycom was required to:

d.      Ensure the information was complete and up to date, or

e.      Provide contemporaneous notice to Plaintiff

**ANSWER:**

Paycom states that the allegations in Paragraph 31 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Paycom states that the cited statute is the best evidence of its contents and denies any allegations in Paragraph 31 of the Complaint that are inconsistent with the cited statute. Paycom denies any

325554642v.2

remaining allegations in Paragraph 31 of the Complaint, and specifically denies violating the FCRA or any other law.

**COMPLAINT ¶32:**

Paycom failed to ensure completeness and accuracy.

**ANSWER:**

Paycom denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Reporting "guilty" instead of "deferred/dismissed" is the definition of incomplete and misleading.

**ANSWER:**

Paycom states that the referenced report and records are the best evidence of their contents and denies any allegations in Paragraph 33 of the Complaint that are inconsistent with the contents of the referenced report and records. Paycom denies the remaining allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Plaintiff disputed the inaccurate reporting with Paycom.

**ANSWER:**

Paycom admits that it was contacted by Plaintiff regarding information in its report regarding him. Paycom denies any remaining allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Plaintiff provided documentation showing deferred adjudication, dismissal, and/or no conviction.

**ANSWER:**

Paycom admits that Plaintiff provided documentation in support of his dispute. Paycom denies any remaining allegations in Paragraph 35 of the Complaint.

325554642v.2

**COMPLAINT ¶36:**

Despite this, Paycom failed to conduct a reasonable reinvestigation, failed to correct the reporting, and continued to publish the false "guilty" designation.

**ANSWER:**

Paycom denies the allegations in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Plaintiff suffered loss of employment opportunity, lost income, emotional distress, and reputational harm.

**ANSWER:**

Paycom denies the allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Plaintiff is entitled to actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

**ANSWER:**

Paycom denies the allegations in Paragraph 38 of the Complaint.

## FIRST CAUSE OF ACTION

**COMPLAINT ¶39:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Paycom incorporates by reference its answers to the prior paragraphs of the Complaint as though fully set forth herein.

**COMPLAINT ¶40:**

This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq*.

-11-

**ANSWER:**

Paycom admits only that Plaintiff purports to assert a claim against it under the FCRA. Paycom denies all remaining allegations in Paragraph 40 of the Complaint, and specifically denies that it violated the FCRA or any other law.

**COMPLAINT ¶41:**

Defendant Paycom violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report that Defendant Paycom maintained concerning Plaintiff.

**ANSWER:**

Paycom denies the allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Defendant Paycom has negligently failed to comply with the FCRA. The failures of Paycom to comply with the FCRA include but are not necessarily limited to the following:

a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

c.   The failure to investigate information promptly and adequately that Paycom had notice was inaccurate;

d.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

e.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

f.   The failure to delete information promptly that was found to be inaccurate, or could not be verified, or that the source of the information had advised Paycom to delete; or

g.   The failure to take adequate steps to verify information that Paycom had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Paycom denies the allegations in Paragraph 42 of the Complaint, including all subparts.

-12-

**COMPLAINT ¶43:**

As a result of the conduct, action, and inaction of Defendant Paycom, Plaintiff suffered damage to his reputation, undue stress exerted trying to fix the erroneous Report, mental and emotional pain, anguish, humiliation and loss of employment.

**ANSWER:**

Paycom denies the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

The conduct, action, and inaction of Defendant Paycom was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

**ANSWER:**

Paycom denies the allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Paycom in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

Paycom denies the allegations in Paragraph 45 of the Complaint.

## SECOND CAUSE OF ACTION

**COMPLAINT ¶46:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Paycom incorporates by reference its answers to the prior paragraphs of the Complaint as though fully set forth herein.

**COMPLAINT ¶47:**

This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq*.

325554642v.2

**ANSWER:**

Paycom admits only that Plaintiff purports to assert a claim against it under the FCRA. Paycom denies all remaining allegations in Paragraph 47 of the Complaint, and specifically denies that it violated the FCRA or any other law.

**COMPLAINT ¶48:**

Defendant Paycom violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report that Defendant Paycom maintained concerning Plaintiff.

**ANSWER:**

Paycom denies the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Defendant Paycom has willfully failed to comply with the FCRA. The failures of Paycom to comply with the FCRA include but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

c)   The failure to investigate information promptly and adequately that Paycom had notice was inaccurate;

d)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

e)   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

f)   The failure to delete information promptly that was found to be inaccurate, or could not be verified, or that the source of the information had advised Paycom to delete; or

g)   The failure to take adequate steps to verify information that Paycom had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Paycom denies the allegations in Paragraph 49 of the Complaint, including all subparts.

325554642v.2

**COMPLAINT ¶50:**

As a result of the conduct, action, and inaction of Defendant Paycom, Plaintiff suffered damage to his reputation, undue stress exerted trying to fix the erroneous Report, mental and emotional pain, anguish, humiliation and loss of employment.

**ANSWER:**

Paycom denies the allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

The conduct, action, and inaction of Defendant Paycom was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

**ANSWER:**

Paycom denies the allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Plaintiff is entitled to recover reasonable costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

Paycom denies the allegations in Paragraph 52 of the Complaint.

**THIRD CAUSE OF ACTION**

**COMPLAINT ¶53:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Paycom incorporates by reference its answers to the prior paragraphs of the Complaint as though fully set forth herein.

**COMPLAINT ¶54:**

Defendant furnished a consumer report containing public record information for employment purposes.

325554642v.2

**ANSWER:**

Paycom admits that, at the request of Mobily, LLC, and pursuant to a permissible purpose under the FCRA, it prepared an employment-purposed consumer report regarding Plaintiff, and shared a copy of that report with its customer. Paycom denies any remaining allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Under §1681k(a), Defendant was required to ensure that the public record information was complete and up to date, or provide contemporaneous notice to Plaintiff.

**ANSWER:**

Paycom states that the allegations in Paragraph 55 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 55 of the Complaint. To the extent an answer is required, Paycom states that the cited statute is the best evidence of its contents and denies any allegations in Paragraph 55 of the Complaint that are inconsistent with the cited statute. Paycom denies any remaining allegations in Paragraph 55 of the Complaint, and specifically denies violating the FCRA or any other law.

**COMPLAINT ¶56:**

The report was not complete or up to date because it omitted the critical disposition of dismissal, and it inaccurately reported a "guilty" finding that never occurred.

**ANSWER:**

Paycom states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 56 of the Complaint that are inconsistent with the contents of the referenced report. Paycom denies the remaining allegations in Paragraph 56 of the Complaint and specifically denies that it violated the FCRA or any other law.

**COMPLAINT ¶57:**

Reporting a case as "guilty" while the official court record shows deferred adjudication and dismissal renders the report incomplete and misleading as a matter of law.

325554642v.2

**ANSWER:**

Paycom denies the allegations in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Defendant failed to comply with §1681k(a).

**ANSWER:**

Paycom denies the allegations in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Plaintiff suffered damages as a result.

**ANSWER:**

Paycom denies the allegations in Paragraph 59 of the Complaint.

**FOURTH CAUSE OF ACTION**

**COMPLAINT ¶60:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Paycom incorporates by reference its answers to the prior paragraphs of the Complaint as though fully set forth herein.

**COMPLAINT ¶61:**

Defendant's failure to ensure complete and up-to-date reporting was willful.

**ANSWER:**

Paycom denies the allegations in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

Defendant knew or should have known that criminal dispositions must be reported with precision, and mislabeling a non-conviction as "guilty" would predictably result in adverse employment action.

325554642v.2

**ANSWER:**

Paycom denies the allegations in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

Defendant consciously disregarded these obligations.

**ANSWER:**

Paycom denies the allegations in Paragraph 63 of the Complaint.

**FIFTH CAUSE OF ACTION**

**COMPLAINT ¶64:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Paycom incorporates by reference its answers to the prior paragraphs of the Complaint as though fully set forth herein.

**COMPLAINT ¶65:**

This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. Seq.*

**ANSWER:**

Paycom admits only that Plaintiff purports to assert a claim against it under the FCRA. Paycom denies all remaining allegations in Paragraph 65 of the Complaint, and specifically denies that it violated the FCRA or any other law.

**COMPLAINT ¶66:**

Defendant Paycom violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

**ANSWER:**

Paycom denies the allegations in Paragraph 66 of the Complaint.

325554642v.2

**COMPLAINT ¶67:**

Defendant Paycom has negligently failed to comply with the FCRA. The failures of Paycom to comply with the FCRA include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request from the Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to investigate information promptly and adequately that Paycom had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.    The failure to delete information promptly that was found to be inaccurate or could not be verified, or that the source of information had advised Paycom to delete; or

h.    The failure to take adequate steps to verify information that Paycom had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Paycom denies the allegations in Paragraph 67 of the Complaint, including all subparts.

**COMPLAINT ¶68:**

As a result of the conduct, action, and inaction of Defendant Paycom, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Paycom denies the allegations in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

The conduct, action, and inaction of Defendant Paycom was negligent, rendering Paycom liable for actual, statutory, and punitive damages pursuant to 15 U.S.C. § 1681(n).

325554642v.2

**ANSWER:**

Paycom denies the allegations in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Paycom in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

Paycom denies the allegations in Paragraph 70 of the Complaint.

**SIXTH CAUSE OF ACTION**

**COMPLAINT ¶71:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Paycom incorporates by reference its answers to the prior paragraphs of the Complaint as though fully set forth herein.

**COMPLAINT ¶72:**

This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. Seq.*

**ANSWER:**

Paycom admits only that Plaintiff purports to assert a claim against it under the FCRA. Paycom denies all remaining allegations in Paragraph 72 of the Complaint, and specifically denies that it violated the FCRA or any other law.

**COMPLAINT ¶73:**

Defendant Paycom violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

**ANSWER:**

Paycom denies the allegations in Paragraph 73 of the Complaint.

325554642v.2

**COMPLAINT ¶74:**

Defendant Paycom has negligently failed to comply with the FCRA. The failures of Paycom to comply with the FCRA include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request from the Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit Page information after a reasonable request by Plaintiff;

d.    The failure to investigate information promptly and adequately that Paycom had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.    The failure to delete information promptly that was found to be inaccurate or could not be verified, or that the source of information had advised Paycom to delete; or

h.    The failure to take adequate steps to verify information that Paycom had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Paycom denies the allegations in Paragraph 74 of the Complaint, including all subparts.

**COMPLAINT ¶75:**

As a result of the conduct, action, and inaction of Defendant Paycom, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of loss of employment.

**ANSWER:**

Paycom denies the allegations in Paragraph 75 of the Complaint.

**COMPLAINT ¶76:**

The conduct, action, and inaction of Defendants Paycom was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

325554642v.2

**ANSWER:**

Paycom denies the allegations in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Paycom in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

Paycom denies the allegations in Paragraph 77 of the Complaint.

## DEMAND FOR TRIAL BY JURY

**COMPLAINT ¶78:**

Plaintiff requests a trial by jury on all issues and counts so triable, according to Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:**

Paycom denies that Plaintiff is entitled to a trial by jury. Paycom denies all other allegations

in Paragraph 78 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendant Paycom as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 1681o(a)(2); and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

325554642v.2

-23-

**ANSWER:**

Paycom denies that Plaintiff is entitled to any of the relief requested, or any relief whatsoever, and specifically denies that Paycom violated any section of the FCRA. Paycom denies any remaining allegations in the Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Paycom asserts the following affirmative and other defenses to the Complaint, and reserves its right to raise additional defenses as may be discovered during the course of these proceedings:

## FIRST DEFENSE

To the extent that Plaintiff has failed to mitigate his alleged damages, Plaintiff's recovery, if any, must be reduced accordingly.

## SECOND DEFENSE

Plaintiff is not entitled to any statutory or punitive damages because Paycom made good faith efforts to comply with the FCRA and its reading of its obligations under the FCRA is objectively reasonable.

## THIRD DEFENSE

Paycom followed reasonable procedures to assure maximum possible accuracy in the information concerning Plaintiff in any consumer report relating to him.

## FOURTH DEFENSE

Paycom was not the proximate cause of any damages allegedly suffered by Plaintiff.

## FIFTH DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because Plaintiff suffered no damages from any action or action by Paycom.

325554642v.2

## SIXTH DEFENSE

In response to any direct dispute submitted by Plaintiff, Paycom conducted a reasonable reinvestigation and issued an amended report in response.

## SEVENTH DEFENSE

Paycom complied with 15 U.S.C. § 1681k(a) by following both of the separate and independent compliance options of the statute by: (1) sending contemporaneous notice to Plaintiff that it was reporting public record information about him; and (2) maintaining strict procedures to ensure that reported information was complete and up to date.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Paycom prays that:

(1) Plaintiff's Complaint be dismissed in its entirety, with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

(3) it recover such other and further relief as the court deems just and proper.

325554642v.2

-25-

DATED:  May 27, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Michael A. Merar*

Michael A. Merar
TX Bar No. 24103878
mamerar@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6700
Facsimile: (713) 225-2340

*Counsel for Defendant*
*Paycom Payroll, LLC*

325554642v.2

-26-

## CERTIFICATE OF SERVICE

I hereby certify that on   May 27, 2026, I presented the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Michael A. Merar*
Michael A. Merar

*Counsel for Defendant*
*Paycom Payroll, LLC*

325554642v.2