**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**JOSHUA DELGADO,**

                                       **Civil Action No. 6:26-cv-00234**

      Plaintiff,

        v.

**PAYCOM PAYROLL LLC,**

      Defendant.

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Appendix N of the Local Rules of the Western District of Texas, Plaintiff Joshua Delgado ("Plaintiff") and Defendant Paycom Payroll LLC ("Paycom" or "Defendant") (hereinafter collectively referred to as the "Parties") submit the following Joint Federal Rule of Civil Procedure 26 Report:

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiff's Position:** Plaintiff brings six causes of action against Defendant Paycom Payroll LLC under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.: (1) Negligent violation of 15 U.S.C. § 1681e(b) — failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of a consumer report. Elements: (a) Defendant is a consumer reporting agency; (b) Defendant prepared a consumer report; (c) the report contained inaccurate information; (d) Defendant failed to follow reasonable procedures to assure maximum possible accuracy; and (e) Plaintiff suffered damages. (2) Willful violation of 15 U.S.C. § 1681e(b) — same as above, plus (f) Defendant's failure was willful or in reckless disregard of its obligations. (3) Negligent violation of 15 U.S.C. § 1681k(a) — failure to ensure

completeness and currency of public record information reported for employment purposes, or to provide contemporaneous notice to the consumer. Elements: (a) Defendant prepared a consumer report containing public record information; (b) the report was furnished for employment purposes; (c) Defendant failed to either maintain strict procedures to ensure completeness and currency or provide contemporaneous notice; and (d) Plaintiff suffered damages. (4) Willful violation of 15 U.S.C. § 1681k(a) — same as above with willfulness. (5) Negligent violation of 15 U.S.C. § 1681i(a) — failure to conduct a reasonable reinvestigation following Plaintiff's dispute. Elements: (a) Plaintiff disputed the accuracy of information in the consumer report; (b) Defendant failed to conduct a reasonable reinvestigation; (c) Defendant failed to delete or correct inaccurate information; and (d) Plaintiff suffered damages. (6) Willful violation of 15 U.S.C. § 1681i(a) — same as above with willfulness. The specific inaccuracy at issue is Paycom's reporting of Plaintiff's Bell County criminal case (Cause No. FR81487) as a 'GUILTY' felony conviction with a 'sentence of 2 years probation,' when in fact Plaintiff received deferred adjudication, successfully completed supervision, and the case was dismissed on February 18, 2026 without any adjudication of guilt. Plaintiff seeks actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

**Defendant's Position:** On March 19, 2026, at the request of Mobily, LLC ("Mobily"), Paycom prepared a consumer report regarding Plaintiff (the "Report"). Pursuant to 15 U.S.C. § 1681k(a)(1), Paycom sent Plaintiff contemporaneous notice that it was reporting public record information about him that may have a potentially adverse impact on his application for employment. Also on that same day, Paycom received a dispute from Plaintiff concerning the criminal record information included in the Report. Paycom promptly reinvestigated Plaintiff's

dispute and issued an amended report on April 8, 2026. Notably, after the amended report, Plaintiff still was ineligible for the role with Mobily based on other, uncontested records.

Paycom denies all material allegations in the Complaint and specifically denies Plaintiff's allegations that it violated the FCRA, or any other law. The FCRA is not a strict liability statue. With respect to his Section 1681e(b) claims, Plaintiff must plead and prove that Paycom failed to follow reasonable procedures to assure maximum possible accuracy and suffered damages as a result.   Plaintiff cannot make this showing because Paycom followed the requisite reasonable procedures and he did not suffer any resulting damages. Plaintiff's Section 1681k(a) claim fails because Paycom sent Plaintiff contemporaneous notice that it was reporting public record information about him.  Plaintiff's Section 1681i claim fails because Paycom conducted a prompt reinvestigation an issued an amended report removing the challenged record.

**2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction: (a) Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy. (b) If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

**Plaintiff's Position:** This case was not removed. Federal question jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue in the Western District of Texas, Waco Division, is proper under 28 U.S.C. § 1391 because Plaintiff resides in Bell County, Texas, which lies within this Division, and a substantial part of the events giving rise to the claims occurred here. Plaintiff is not aware of any outstanding jurisdictional issues.

**Defendant's Position:** Paycom does not contest jurisdiction but denies that it violated the FCRA, or any other law.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

The Complaint was filed on April 9, 2026. Defendant Paycom Payroll LLC has appeared in this action. There are no unserved parties.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

**Plaintiff's Position:** Plaintiff believes the parties may be able to stipulate to certain background facts, including: Plaintiff's identity; Paycom's status as a consumer reporting agency under 15 U.S.C. § 1681a(f); the existence of the consumer report at issue; the identity of the employer who requested the report; and the fact that the employer took adverse employment action against Plaintiff in connection with the report. Plaintiff is open to discussing additional stipulations following the exchange of initial disclosures and written discovery. Additional stipulations will be explored following initial disclosures and written discovery.

**Defendant's Position:** At this time, without the benefit of discovery, and further development of the record, Paycom is not able to stipulate to the proposed facts identified by Plaintiff. Paycom believes that Plaintiff's Section 1681k(a) claim should be dismissed because there is no dispute of fact that Paycom sent notice pursuant to 15 U.S.C. § 1681k(a)(1). Paycom further believes that Plaintiff's Section 1681i claim should be dismissed because there is no dispute of fact that Paycom conducted a reinvestigation in response to Plaintiff's dispute and issued an amended report that removed the disputed record.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

**Plaintiff's Position:** Plaintiff anticipates that the following legal issues may be subject to narrowing: (a) whether Paycom's reporting of 'GUILTY' when the official record reflects deferred adjudication and dismissal constitutes a per se inaccuracy under 15 U.S.C. § 1681e(b); (b) the applicable standard of accuracy for Texas deferred adjudication dispositions under the FCRA; (c) whether Paycom's conduct constitutes a willful violation under the standard set forth in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007); and (d) the application of 15 U.S.C. § 1681k(a) to Paycom's reporting procedures. Plaintiff is prepared to address these issues by motion if not resolved by agreement.

**Defendant's Position:** Paycom believes that Plaintiff's Section 1681k(a) claim should be dismissed because there is no dispute of fact that Paycom sent notice pursuant to 15 U.S.C. § 1681k(a)(1). Paycom further believes that Plaintiff's Section 1681i claim should be dismissed because there is no dispute of fact that Paycom conducted a reinvestigation in response to Plaintiff's dispute and issued an amended report that removed the disputed record.

**6. Are there any issues about preservation of discoverable information?**

The parties agree to their respective obligations to preserve all potentially relevant information. Plaintiff has preserved all documents relating to the consumer report at issue, the adverse employment action, and the dispute submitted to Paycom. If any party has questions about the scope of preservation obligations, the parties agree to meet and confer before bringing any dispute to the Court.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

**Plaintiff's Position:** Plaintiff proposes that electronically stored information ("ESI") be produced in searchable PDF or native format, with metadata preserved where applicable. Key ESI in this case is anticipated to include: Paycom's electronic background check database records and source data feeds; criminal record vendor data and reports; e-OSCAR or equivalent dispute platform records; Plaintiff's consumer report and any versions thereof; internal dispute handling logs and quality control records; and all electronic communications relating to Plaintiff's dispute. Plaintiff proposes that metadata be preserved and produced in native or standard format (e.g., .PST for email, native for spreadsheets). Plaintiff anticipates that a protective order will be necessary to govern the production of personally identifiable information. The parties have discussed and agree to the entry of a Federal Rule of Evidence 502(d) order to govern any inadvertent production of privileged materials.

**Defendant's Position:** Paycom agrees that ESI may be produced in PDF format. Paycom further agrees that a protective order is necessary to govern confidential information of Paycom and/or third parties.

**8. What are the subjects on which discovery may be needed?**

**Plaintiff's Position:** Plaintiff anticipates that discovery will be needed on the following subjects: (a) Paycom's procedures for obtaining, interpreting, and reporting criminal record information, including Texas deferred adjudication dispositions; (b) the source data and data feeds used by Paycom for the criminal record at issue, including the identity of all vendors; (c) the specific consumer report(s) prepared about Plaintiff, including all versions and the data

underlying each reported item; (d) Paycom's § 1681k compliance procedures — specifically, whether Paycom asserts compliance under § 1681k(a)(1) (strict procedures) or § 1681k(a)(2) (contemporaneous notice), and the factual basis for that assertion; (e) Paycom's reinvestigation of Plaintiff's dispute, including all steps taken, all communications with data sources, and the e-OSCAR or equivalent dispute records; (f) Paycom's policies, procedures, and training materials regarding the reporting of deferred adjudication dispositions; (g) Plaintiff's claimed damages, including lost employment opportunity, lost wages, emotional distress, and any other economic harm; (h) prior complaints, disputes, or litigation involving similar criminal record reporting errors; and (i) any corrective action taken with respect to the subject report following Plaintiff's dispute.

**Defendant's Position:** Paycom anticipates conducting discovery on the following, non-exhaustive list of topics: (1) facts and circumstances surrounding each allegation in Plaintiff's Complaint; (2) Plaintiff's alleged damages; (3) whether there is any causal relationship between Plaintiff's alleged damages and the consumer report prepared by Paycom; (4) Plaintiff's financial and criminal history; (5) any communications between Plaintiff and Paycom and/or Plaintiff and third parties identified in discovery including, but not limited to, Mobily; (6) Plaintiff's mitigation efforts, if any; and (7) any discovery necessitated by other pleadings or other discovery.

## 9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

Initial disclosures have not yet been served. The Parties propose that the parties exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 30 days of the

Court's entry of a Scheduling Order, or as otherwise directed by the Court. The Parties do not propose any other modifications to the form or requirements for initial disclosures.

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

**Plaintiff's Position:** No formal discovery has been completed to date. The following discovery remains to be completed: (a) initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1); (b) written discovery; (c) party and non-party depositions, if necessary; and (e) expert discovery, if applicable. The Parties do not propose conducting discovery in phases at this time. Plaintiff proposes that all fact discovery be completed within six months of the entry of the Scheduling Order, with expert disclosures and depositions to follow on a schedule to be established by the Court.

**Defendant's Position:** Paycom does not believe all fact discovery should be completed within six months of the Scheduling Order given the multitude of claims, likelihood of requiring third-party discovery, including potential depositions, and the lack of good cause for an expedited case schedule.

**11. What, if any, discovery disputes exist?**

There are no discovery disputes at this time. The Parties agree to meet and confer in good faith before presenting any discovery dispute to the Court.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Yes. The Parties have discussed entry of a Federal Rule of Evidence 502(d) order and agree that such an order is appropriate given the volume of ESI anticipated in this case, including consumer report files, reinvestigation records, and internal communications. The Parties intend to submit a jointly proposed Rule 502(d) order for the Court's consideration. The Parties agree that inadvertent production of privileged or protected material shall not constitute a waiver of any applicable privilege or protection, and that the standard procedures of Fed. R. Evid. 502(b) shall govern resolution of any inadvertent disclosure disputes. If any party believes that privileged or protected material has been inadvertently produced, the receiving party shall promptly notify the producing party, and the parties shall meet and confer before seeking Court intervention.

**13. Have the parties discussed early mediation?**

**Plaintiff's Position:** Plaintiff is open to mediation and believes that early mediation, following the exchange of initial disclosures and basic written discovery, may assist in resolving this matter efficiently. Plaintiff proposes that the parties revisit the question of mediation timing after the exchange of initial disclosures. Plaintiff is not opposed to a settlement conference before the United States Magistrate Judge if the Court recommends that approach.

**Defendant's Position:** Paycom believes that given the nature of this single-plaintiff FCRA case, early mediation (either before a private neutral or a Magistrate Judge) would benefit the Parties in reaching an early, amicable resolution. Doing so should not be predicated on the completion of discovery.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

**Plaintiff's Position:** Yes. Given that this case involves personal identifying information, criminal history records, and proprietary business procedures, Plaintiff anticipates that a confidentiality and protective order will be necessary. The parties agree to confer and submit a jointly proposed protective order that includes a concise and specific statement of the particular facts in this case providing good cause for the order pursuant to Fed. R. Civ. P. 26(c). Additionally, Plaintiff proposes the following scheduling deadlines for the Court's consideration: (a) Initial Disclosures: 30 days after entry of Scheduling Order; (b) Motions to Amend Pleadings / Join Additional Parties: 60 days after entry of Scheduling Order; (c) Completion of Fact Discovery: 180 days after entry of Scheduling Order; (d) Plaintiff's Expert Designations and Reports: 210 days after entry of Scheduling Order; (e) Defendant's Expert Designations and Reports: 240 days after entry of Scheduling Order; (f) Daubert and Expert-related Motions: 270 days after entry of Scheduling Order; (g) Dispositive Motions: 300 days after entry of Scheduling Order; (h) Trial Date: On or after 390 days from entry of Scheduling Order, consistent with a three-week docket beginning the first Monday of the month. Plaintiff has demanded a jury trial. Plaintiff anticipates trial will take 2–3 days. Plaintiff does not consent to trial before a United States Magistrate Judge.

**Defendant's Position:** Paycom is likewise agreeable to entry of a confidentiality and protective order to protect private and confidential information of Paycom, and/or third parties. Paycom is not agreeable to Plaintiff's proposed schedule and, instead, believes that *all* discovery should close after 9 months after entry of the Scheduling Order, without a need to bifurcate expert discovery. Paycom does agree that it anticipates trial will take 2-3 days and, like Plaintiff, does not consent to trial before a United States Magistrate Judge.

Dated: 25 June 2026

Respectfully submitted,

/s/Stephen Jones

Stephen Jones
TX Bar No. 24094760
FCRA Attorneys PLLC
5301 Alpha Rd, Ste. 80-5
Dallas, Texas 75240
Tel: (214) 210-9910
Fax: (469) 669-0786
stephen@fcraattorneys.com
*Counsel for Plaintiff Joshua Delgado*

/s/_Michael A. Merar

Michael A. Merar
mamerar@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6700
Facsimile: (713) 225-2340
*Counsel for Paycom Payroll, LLC*